[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The complaint in this action states that the plaintiff is the mother of Brittany Kordick Budris, born March 5, 1986 and that the defendant is the father of Brittany. The defendant admitted these facts in his answer.
The plaintiff claimed in the complaint, custody of the minor child and support for her.
The defendant claimed in his amended cross complaint, joint custody of the minor child, physical custody of her and support for her. In the original cross complaint, he asked for reasonable, liberal and substantial rights of visitation with her.
The plaintiff and Brittany had been living in Seymour. In July 1992 they moved to North Carolina where their address now is 5056 Flint Ridge, Raleigh, North Carolina 27609.
Custody of Brittany is awarded solely to the plaintiff and the child shall live with her.
When Brittany is living with the plaintiff, the defendant shall pay to the plaintiff support for the child in the amount of $81 a week. The defendant will not be required to pay support during any full week the child is visiting with him.
The defendant shall have visitation with Brittany one week end per month during those months which do not include another visit by him with Brittany.
The defendant shall have six weeks of summer vacation with Brittany divided into two blocks of three weeks.
Each parent shall have visitation with Brittany for one half of her Christmas vacation. In odd numbered years the defendant shall have Brittany beginning the first day of the Christmas vacation through one half of the time period including Christmas Day. In even numbered years, the plaintiff will have similar CT Page 5841 privileges.
The Thanksgiving vacation from Wednesday night through Sunday night shall be spent by Brittany with the parent who does not have her on Christmas Day.
The parties shall consult with each other and agree mutually on any problems concerning Brittany with reference to training, education, cultural activities, health, welfare and religion. Should they not be able to agree, the court on written motion will resolve the problem. If an emergency occurs, the parent with whom Brittany is then living, will try to contact the other parent, and if unable to do so, shall make any decision required by the problem, and shall advise the other as soon as possible of the details and decision made concerning the problem.
Whichever parent Brittany is living with shall allow the other reasonable telephone contact with Brittany.
The defendant may take Brittany camping but shall not take Brittany on or near any water unless another adult is present.
The plaintiff shall give the defendant 60 days notice by certified mail, return receipt requested, of any expected move so that any necessary modification of the above orders may be obtained from the court.
Brittany's name shall be Brittany Kordick Budris as stated in the plaintiff's complaint and admitted in the defendant's answer.
The court shall retain jurisdiction in this action until further order of the court.
THOMAS J. O'SULLIVAN, TRIAL REFEREE